```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION

BARBARA TORRES,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Case No. 2:06 CV 356
                                 )
JC PENNEY CORPORATION, INC.,     )
                                 )
          Defendant.             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Enforce Order and Set Hearing on Damages filed by the plaintiff, Barbara Torres, on March 14, 2008. For the reasons set forth below the motion is **DENIED**.

Background

This matter arises from injuries suffered by the plaintiff when she fell at the Merrillville, Indiana J.C. Penney store. This matter was removed from Lake County Superior Court in July 2006, and on February 2, 2007, the court held a Federal Rule of Civil Procedure 16 conference. On May 2, 2007, the defendant filed a motion to compel the plaintiff's deposition. When no response was filed, the defendant's motion summarily was granted. On June 16, 2007, the plaintiff also filed a motion to compel, seeking responses to interrogatories and requests for production. In this motion, the plaintiff also requested that the court

1

impose sanctions that included a default judgment and attorney fees in the amount of $750. The defendant did not respond to the motion but did file a separate motion to extend the deadlines. On December 6, 2007, the court summarily granted the plaintiff's motion to compel and extended the deadlines. Based on this order, the plaintiff seeks entry of default judgment.

## Discussion

A court may dismiss a case as a sanction for Federal Rule of Civil Procedure 37 violations. **Maynard v. Nygren**, 332 F.3d 462, 468 (7th Cir. 2003); **Rice v. City of Chicago**, 333 F.3d 780, 784 (7th Cir. 2003)("The drastic nature of a dismissal with prejudice requires the action to be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable."); **Ridge Chrysler Jeep, LLC v. Daimlerchrysler Financial Services Americas, LLC**, 516 F.3d 623, 626-27 (7th Cir. 2008)(upholding dismissal as sanction when "plaintiffs have believed like a pack of weasels.")

In its response, the defendant stated that the discovery responses were filed immediately upon receiving a copy of this motion and that the parties had continued to conduct discovery before the motion was filed. There is nothing in the record to suggest that a degree of bad faith, contumacious conduct, or delay has been demonstrated sufficient to support the entry of a default judgment against the defendant.

Further, to the extent that the plaintiff has argued that the court intended to dimiss this matter when it summarily granted the plaintiff's motion compel on December 6, 2007, this argument is belied by the fact that, in that same order, the court granted the defendant's motion extending various procedural deadlines. Accordingly, the plaintiff's motion to enforce order is **DENIED**.

_____

For the foregoing reasons, the Motion to Enforce Order and Set Hearing on Damages filed by the plaintiff, Barbara Torres, on March 14, 2008 is **DENIED**.

ENTERED This 10 June, 2008

/s/ Andrew P. Rodovich
United States Magistrate Judge